NUMBER 13-11-046-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MICAH C. PRATER,                                                   
             Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
Criminal District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Benavides,
Vela, and Perkes 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

On July 14, 2009, appellant, Micah C.
Prater, pleaded guilty to possessing less than one gram of methamphetamine, a
state-jail felony.  See Tex.
Health & Safety Code Ann. § 481.115 (West 2010).  The trial court
placed Prater on deferred adjudication community supervision for two years.  On
November 30, 2010, the trial court held a hearing on the State’s motion to revoke
Prater’s community supervision, alleging that Prater had violated its terms by
nine separate counts.  Prater pleaded “true” to counts one and nine, namely
that while on community supervision, he had committed the offense of evading
arrest or detention twice:  once on or about the 5th day of February, 2010 in
Harris County and once on or about the 13th day of October, 2010 in Fort Bend
County.  Based on the pleas of true, the trial court found Prater guilty,
revoked his community supervision, and sentenced Prater to two years'
confinement in a state-jail facility.  We affirm.

I.  Anders Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has
filed a brief with this Court stating that, based upon his review of the
record, “there are no grounds of error upon which an appeal can be predicated”
and “the appeal is wholly without merit.”  Although counsel’s brief does not
advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be
advanced on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343–44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, under controlling authority, there are no errors in
the trial court’s judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal; (2)
served a copy of the brief and counsel’s motion to withdraw on appellant; and
(3) informed appellant of his right to review the record and to file a pro se
response.[1]
 See Anders, 386 U.S. at 744; Stafford, 813
S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and appellant has not filed a
pro se brief in this matter.  See In re Schulman, 252 S.W.3d at 409.

II.
Independent Review

 

            Upon
receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous.  Penson v.
Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and
counsel’s brief and have found nothing that would arguably support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (“Due
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

III.
Motion to Withdraw

 

            In accordance with Anders, appellant’s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779–80
(Tex. App.—Dallas 1995, no pet.) (“If an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant the motion to withdraw.  Within
five days of the date of this Court’s opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his
right to file a petition for discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

11th day of August,
2011.

 









[1] The Texas Court of Criminal Appeals has held that “the
pro se response need not comply with the rules of appellate procedure in order
to be considered.  Rather, the response should identify for the court those
issues which the indigent appellant believes the court should consider in
deciding whether the case presents any meritorious issues.”  In re Schulman,
252 S.W.3d at 409 n.23 (quoting Wilson v. State, 955 S.W.2d 693, 696–97
(Tex. App.—Waco 1997, no pet.)).

 





[2] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See id. R. 68.3; 68.7.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See id. R. 68.4.